

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,972

**EX PARTE JUNIUS SEREAL, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 08CR2114 IN THE 405TH DISTRICT COURT
## FROM GALVESTON COUNTY

*Per curiam*.

## O P I N I O N

The Court substitutes this opinion for the earlier opinion issued on February 27, 2013.

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty-two years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Sereal v. State*, No. 14-10-00594-CR (Tex. App.–Houston [14th] May 10, 2011).

Applicant contends that his due process rights were violated because a forensic scientist did not follow accepted standards when analyzing evidence and therefore the results of his analyses are

unreliable. The State and the trial court agreed that relief was warranted before remand, but the record was insufficient to decide the case at that time. This Court remanded the application to obtain more information. Specifically, the Court needed three additional pieces of information to resolve this case: (1) a copy of the Department of Public Safety (DPS) report Applicant was relying on for his claim; (2) a determination that the lab technician named in that report was the only scientist that worked on this sample; and (3) a finding as to whether the sample was destroyed or could be retested. The trial court has now provided this Court with all the information necessary to resolve this case on the merits. The DPS report shows that the lab technician who was solely responsible for testing the evidence in this case is the scientist found to have committed misconduct . While there is evidence remaining that is available to retest in this case, that evidence was in the custody of the lab technician in question. This Court believes his actions are not reliable therefore custody was compromised, resulting in a due process violation. Applicant is therefore entitled to relief.

Relief is granted. The judgment in Cause No. 08CR2114 in the 405th District Court of Galveston County is set aside, and Applicant is remanded to the custody of the Sheriff of Galveston County. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: March 6, 2013
Do Not Publish